UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

UNITED STATES OF AMERICA

v.

No. 2:25-cr-0058-LEW

MARVIN AGUILAR-LOPEZ

## AGREEMENT TO PLEAD GUILTY
## (FAST TRACK CASE)

The United States of America, by and through Craig M. Wolff, Acting United States Attorney for the District of Maine, and Peter I. Brostowin, Assistant United States Attorney, and Marvin Aguilar-Lopez (hereinafter "Defendant"), acting for himself and through his counsel, Chris Nielsen, Esquire, enter into the following Agreement based upon the promises and understandings set forth below.

1. Guilty Plea. Defendant agrees to plead guilty to the Indictment herein pursuant to Rule 11 of the Federal Rules of Criminal Procedure (Fed. R. Crim. P.). The Indictment charges Defendant with having re-entered the United States after being excluded, deported or removed in violation of Title 8 United States Code, § 1326(a).

2. Sentencing/Penalties. Defendant agrees to be sentenced on the charges described above. Defendant understands that the penalties that are applicable to the charges described above are as follows:

    A.    A maximum prison term of two years;

    B.    A maximum fine of $250,000;

    C.    A mandatory special assessment of $100; and

    D.    A term of supervised release of not more than one year. Defendant understands that his failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring Defendant to serve up to one additional year in prison for

any such revocation of supervised release pursuant to 18 U.S.C. § 3583.

3. <u>Fast Track Agreements</u>. The parties agree as follows:

   A. Defendant will enter a guilty plea to the charged offense as soon as the case can reasonably be scheduled;

   B  Defendant agrees not to file any of the motions described in Fed. R. Crim. P. 12(b)(3);

   C. Defendant agrees to waive the right to argue for a variance under 18 U.S.C. § 3553(a); and

   D. Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Knowing that, Defendant waives the right to appeal his guilty plea and any other aspect of his conviction including the sentence imposed. Defendant's waiver of his right to appeal shall not apply to appeals based on a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

4. <u>Downward Departure</u>. The government agrees that, if Defendant satisfies all of the terms and conditions of this Agreement, it will file a motion pursuant to U.S.S.G. § 5K3.1 seeking a downward departure of two levels from the otherwise applicable offense level.

5. <u>Breach</u>. If Defendant violates or fails to perform any obligations under this Agreement ("a breach"), the United States will be released from its obligations hereunder and may fully prosecute Defendant on all criminal charges that can be brought against Defendant. With respect to such a prosecution:

   A. The United States may use any statement that Defendant made pursuant to this Agreement, including statements made during plea discussions and plea colloquies, and the fact that Defendant pleaded guilty, and Defendant hereby waives any claim under Rule 410 of the Federal Rules of Evidence or Rule 11(f) of the Federal Rules of Criminal Procedure that such statements and guilty plea are inadmissible.

B.  Defendant waives any and all defenses based on the statute of limitations with respect to any such prosecution that is not time-barred on the date that this Agreement is signed by the parties.

If the United States chooses to exercise its rights under this paragraph, the determination of whether Defendant has committed a breach shall be made by the Court upon an appropriate motion. In a proceeding on such motion, the United States shall have the burden to establish Defendant's breach by a preponderance of the evidence.

6. Speedy Trial Waiver. Defendant agrees to waive, and hereby does waive, any and all rights he might have under the Speedy Trial Act, 18 U.S.C. §§ 3161-64, from the date of the execution of this Agreement and continuing thereafter through and including the date upon which sentence is imposed. In the event that the Court determines that Defendant has breached this Agreement, as set forth in Paragraph 5 of this Agreement, then the waiver described in this Paragraph shall continue through and including the date on which the Court determines that such a breach has occurred. Defendant expressly consents to the entry of an Order by the Court excluding such periods of time from such consideration.

7. Immigration Status. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. The parties agree and understand that the offense(s) to which defendant is pleading guilty may result in the Defendant being removed from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any

immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

8. <u>Validity of Other Agreements; Signature</u>.  This Agreement supersedes any prior understandings, promises, or conditions between this Office and Defendant. However, in the event that Defendant fails to enter his guilty plea or is allowed to withdraw his guilty plea entered hereunder, and the Court determines that Defendant has not breached this agreement, then any proffer agreement between the parties shall remain in effect.  No additional understandings, promises, or conditions will be entered into unless in writing and signed by all parties.  The signature of Defendant in the space designated signifies his full and voluntary acceptance of this Agreement.

I have read this Agreement and have carefully reviewed every part of it. I understand it and I have voluntarily agreed to it.

Date: 4/29/25

_____
Marvin Aguilar-Lopez, Defendant

I am legal counsel for Marvin Aguilar-Lopez. I have carefully reviewed every part of this Agreement with Marvin Aguilar-Lopez. To my knowledge, Marvin Aguilar-Lopez's decision to enter into this Agreement is an informed and voluntary one.

Date: 4/29/25

_____
Chris Nielsen, Esquire
Attorney for Defendant

FOR THE UNITED STATES:   CRAIG M. WOLFF
                         ACTING UNITED STATES ATTORNEY

Date: 4/10/25

_____
Peter I. Brostowin
Assistant U.S. Attorney

Approved:   _____
1/13/17     Supervisory Assistant U.S. Attorney